IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FESTUS O. OHAN,<br><br>     Plaintiff,<br><br> vs.<br><br>GREG SCHMIDT,<br><br>     Defendant. | Case No. 3:22-cv-00182-JMK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court at Docket 6 is Defendant Greg Schmidt's Motion to Dismiss Plaintiff Festus O. Ohan's Complaint at Docket 5-1. Plaintiff filed a response in opposition at Docket 8. Defendant filed a reply at Docket 9. For the following reasons, Defendant's motion is GRANTED.

## I. BACKGROUND

This case arises from a complaint Plaintiff, a self-represented litigant, filed in the District Court for the State of Alaska on July 9, 2021.[1] Plaintiff's one-page complaint is difficult to comprehend, but appears to allege that the Internal Revenue Service (the "IRS") of the U.S. Department of the Treasury wrongfully garnished over $7,000 from a

---

[1] Docket 5-1.

1993 check, and $1,200 from a 2004 stimulus check.[2] In addition to the IRS, Plaintiff references "FSA," which the Court understands is intended to refer to the Office of Federal Student Aid within the U.S. Department of Education, and the American Board of Internal Medicine Ombudsman.[3] It is not clear if Plaintiff alleges any wrongdoing from the Department of Education or the American Board of Internal Medicine Ombudsman, or if the latter is even a real entity. The only named defendant is Defendant Greg Schmidt, Chief of Staff for the General Counsel of the U.S. Department of Education.[4] Plaintiff seeks $10,000 in damages and requests that the Court "move/vacate/vanquish everyone now w/in 72 hours!"[5] Plaintiff's complaint also appears to allege that he has suffered pain and "intellectual steal."[6]

Defendant removed the action to federal court on August 8, 2022, pursuant to 28 U.S.C. § 1442 because Plaintiff appears to have sued Defendant in relation to Defendant's actions taken in his role as an official employed at the Department of Education.[7] Plaintiff did not challenge the removal of the action to this Court. On August 15, 2022, Defendant filed the instant motion to dismiss, seeking dismissal of Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted

---

[2] *Id.*
[3] *Id.*
[4] *Id.* Plaintiff's complaint misspelled Defendant's last name, but this error was acknowledged and corrected via the Court's order at Docket 7.
[5] Docket 5-1.
[6] *Id.*
[7] Docket 1 at 3, ¶ 5.

*Ohan v. Schmidt*     Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss     Page 2
Case 3:22-cv-00182-JMK    Document 19    Filed 03/27/23    Page 2 of 9

pursuant to Federal Rule of Civil Procedure 12(b)(6).[8] Defendant argues that, to the extent Plaintiff seeks to challenge the Treasury Department's offset of money owed to him, the Court lacks subject matter jurisdiction because Plaintiff does not allege that he exhausted available administrative remedies.[9] Even if Plaintiff intended to pursue his claims against the Secretary of Education rather than Defendant himself, Defendant argues that the Court lacks subject matter jurisdiction because the Higher Education Act's waiver of sovereign immunity does not allow litigants to obtain monetary relief from the Treasury Department and does not waive the Education Department's sovereign immunity over claims for injunctive relief.[10] Defendant's argument for dismissal under Rule 12(b)(6) is premised on Plaintiff's allegedly suing the incorrect defendant; Defendant asserts that Plaintiff should have sued the United States, rather than an employee of a federal agency, if he is attempting to challenge the offset of money owed to him.[11] Alternatively, Defendant argues for dismissal under Rule 12(b)(6) on the basis that Plaintiff's claims are time barred because he has not brought his claims within six years after the offsets allegedly occurred in 1993 and 2004.[12]

Plaintiff's opposition does not engage substantively with Defendant's arguments, with the exception of claiming that "[a]ll administrative efforts have been exhausted" because the Office of Federal Student Aid and the American Board of Internal

---

[8] Docket 6.
[9] *Id.* at 7.
[10] *Id.* at 8–9.
[11] *Id.* at 6–7.
[12] *Id.* at 8.
*Ohan v. Schmidt*  Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss  Page 3
Case 3:22-cv-00182-JMK   Document 19   Filed 03/27/23   Page 3 of 9

Medicine Ombudsman "ruled in [his] favor in 2016."[13] Plaintiff does not offer any evidence of such a ruling. Plaintiff's opposition, like his other filings, largely is incomprehensible and does not raise legitimate legal arguments.[14] For example, Plaintiff appears to allege that the Education Department has "an electronic electrode implanted just above [his] left ear for intellectual steal and thought broadcasting."[15]

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

When a party moves to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1), "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[16] As such, the party asserting subject matter jurisdiction has the burden of proving its existence.[17]

A jurisdictional attack under Rule 12(b)(1) may be facial or factual.[18] A facial attack accepts the plaintiff's allegations as true but asserts that they are legally insufficient to invoke jurisdiction.[19] A factual attack contests the truth of the plaintiff's allegations, and, in doing so, the defendant may introduce evidence outside the pleadings.[20] When the defendant raises a factual attack, the court no longer presumes the plaintiff's

---

[13] Docket 8 at 1.
[14] *See generally* Docket 8; Docket 11; Docket 12; Docket 13; Docket 14; Docket 15; Docket 16; Docket 17; Docket 18.
[15] Docket 8 at 1.
[16] *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citation omitted).
[17] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017); *Laborers' Int'l Union of N. Am., Local 341 v. Main Building Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020) [hereinafter *Local 341*].
[18] *Local 341*, 435 F. Supp. 3d at 999 (citations omitted).
[19] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).
[20] *Id.* (citation omitted).

*Ohan v. Schmidt*  Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss  Page 4
Case 3:22-cv-00182-JMK   Document 19   Filed 03/27/23   Page 4 of 9

allegations to be true.[21] In that case, "the plaintiff must support her jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.[22]

"When faced with a challenge to its subject matter jurisdiction under Rule 12(b)(1), the court must resolve that issue before determining whether the complaint states a claim under Rule 12(b)(6)."[23]

**B. Rule 12(b)(6)**

Under Rule 12(b)(6), a party may move to dismiss a complaint because it fails to state a claim upon which relief can be granted. This means that the facts alleged by the complaint do not amount to a claim under any cognizable legal theory.[24] To survive a motion to dismiss, the complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[25] The Court assumes that the facts alleged in the complaint are true and construes them in the light most favorable to the nonmoving party.[26] However, conclusory statements, unwarranted inferences, and naked

---

[21] *Id.* (citation omitted).
[22] *Id.* (citations omitted).
[23] *Local 341*, 435 F. Supp. 3d at 999 (citation omitted).
[24] *See Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) ("We will uphold a district court's decision to dismiss 'where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim.'" (quoting *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011))).
[25] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[26] *Id.* (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).

*Ohan v. Schmidt* Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss Page 5
Case 3:22-cv-00182-JMK   Document 19   Filed 03/27/23   Page 5 of 9

assertions of law will not suffice; "they must be supported by factual allegations" to survive a motion to dismiss.[27]

Dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[28]

### III. DISCUSSION

As far as the Court can tell from Plaintiff's complaint and subsequent filings, the actions for which Plaintiff seeks redress is the Treasury Department's offsetting his funds to satisfy debt owed to the Department of Education.[29] The Court begins by determining whether it has jurisdiction over Plaintiff's claims.

Under the Debt Collection Improvement Act of 1982, 31 U.S.C. §§ 3701–3733, the Treasury Department may offset non-tax-related debts owed to the United States by withholding funds that it otherwise would pay out pursuant to the Treasury Offset Program.[30] An agency with a claim against a debtor may collect the debt by administrative offset after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it.[31] A party

---

[27] *Ashcroft*, 556 U.S. at 679.
[28] *Local 341*, 435 F. Supp. 3d at 1000 (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).
[29] *See* Docket 5-1 ("FSA + American Board of Internal Medicine Ombudsman Number 2502445 of 2016 garnished my cheque IRS of 1993 for over $7,000 + stimulus cheque of $1200 in ~2004 +++ pain intellectual steal."). It is unclear what relationship, if any, the American Board of Internal Medicine Ombudsman has to Plaintiff's claims.
[30] *See generally* 31 U.S.C. § 3716; 31 C.F.R. § 285.5(c); *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (summarizing offset authority).
[31] 31 U.S.C. § 3716(a); *see also* 31 U.S.C. § 3716(c)(6)(A) ("Any Federal agency that is owed by a person a past due, legally enforceable nontax debt that is over 120 days delinquent . . .

*Ohan v. Schmidt*     Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss     Page 6
Case 3:22-cv-00182-JMK    Document 19    Filed 03/27/23    Page 6 of 9

seeking redress in federal court for allegedly improper offset payments by the Treasury Department must first exhaust all administrative remedies.[32] If a plaintiff has not exhausted available administrative remedies prior to filing suit in federal court, a district court lacks jurisdiction over the plaintiff's claims.[33]

Assuming Plaintiff did have funds offset by the IRS, there is no evidence in any of Plaintiff's filings suggesting that he has exhausted available administrative remedies.[34] Although Plaintiff claims he has exhausted "[a]ll administrative efforts" and received a favorable ruling from the Education Department and American Board of Internal Medicine Ombudsman in 2016, the record contains no such evidence.[35] The Court so finds after reviewing in the light most favorable to Plaintiff every document contained in his nine

---

shall notify the Secretary of the Treasury of all such nontax debts for purposes of administrative offset under this subsection.").
[32] *See, e.g.*, *Simmons v. Mischel*, Case No. 18-cv-02193-VKD, 2021 WL 764133, at *3 (N.D. Cal. Feb. 26, 2021) (finding that plaintiff seeking to challenge offset of Federal Tort Claims Act settlement payment to satisfy criminal restitution debt first must exhaust administrative remedies with the U.S. Attorney's Office for the Northern District of Texas); *McBride Cotton & Cattle Corp. v. Glickman*, No. 99-0824-PHX-ROS, 2000 WL 34227966, at *19 (D. Ariz. Sept. 25, 2000) (finding that court lacked jurisdiction to hear plaintiffs' claims challenging Secretary of Agriculture's seizure or impending seizure of funds available under agricultural programs because plaintiffs did not first exhaust administrative remedies); *Hadsell v. United States*, Case No. 20-cv-03512-VKD, 2021 WL 5415270, at *2 (N.D. Cal. Nov. 19, 2021) (noting that, prior to bringing a civil action to recover damages caused by the IRS's offset of credit election funds, a plaintiff must exhaust administrative remedies), *motion for relief from judgment denied*, No. 20-cv-03512-VKD, 2021 WL 5889174 (N.D. Cal. Dec. 13, 2021); *Bright v. U.S. Dep't of Treasury*, No. 6:18-03090-CV-RK, 2018 WL 4926307, at *2 (W.D. Mo. Oct. 10, 2018) (dismissing for lack of subject matter jurisdiction claim for return of social security benefits offset by Treasury Department because plaintiff failed to exhaust his administrative remedies), *aff'd* No. 18-3417, 2019 WL 2152671 (8th Cir. May 13, 2019).
[33] *Simmons*, 2021 WL 764133, at *3; *McBride*, 2000 WL 34227966, at *19; *Bright*, 2018 WL 4926307, at *2.
[34] *See generally* Docket 8; Docket 11; Docket 12; Docket 13; Docket 14; Docket 15; Docket 16; Docket 17; Docket 18.
[35] Docket 8 at 1.

*Ohan v. Schmidt*  Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss  Page 7
Case 3:22-cv-00182-JMK   Document 19   Filed 03/27/23   Page 7 of 9

filings following Defendant's motion to dismiss.[36] The closest possible evidence of administrative exhaustion the Court could locate in Plaintiff's filings is a December 13, 2022, order purportedly from the U.S. Tax Court that dismissed a petition from Plaintiff.[37] The order offered Plaintiff an opportunity to file an objection to its dismissal of his petition by January 4, 2023.[38] There is no further information provided as to the subject of Plaintiff's petition before the U.S. Tax Court or whether he filed an objection.[39] Plaintiff's filing with this Court contains several handwritten pages that, construed in the light most favorable to Plaintiff, might be an objection to the U.S. Tax Court order.[40] In those handwritten pages, Plaintiff contends that "venue and jurisdictions [sic] are proper for I do not go to Court, [sic] Courts come to me upon my inviting them."[41] There is no evidence that those handwritten pages were filed with the U.S. Tax Court or that the U.S. Tax Court responded to them. In other words, the record lacks evidence that Plaintiff has exhausted his administrative remedies with the Treasury Department or the Education Department regarding his claim.

Finally, even if Plaintiff had exhausted available administrative remedies, the Court nevertheless lacks jurisdiction because the Higher Education Act's waiver of sovereign immunity "does not extend to claims for monetary relief payable by the United

---

[36] Docket 8; Docket 11; Docket 12; Docket 13; Docket 14; Docket 15; Docket 16; Docket 17; Docket 18.
[37] Docket 12 at 2.
[38] *Id.*
[39] *See generally id.*
[40] *Id.* at 3–6. The Court cannot discern whether these written pages were submitted to the U.S. Tax Court or were filed for the first time in this Court. *See generally id.*
[41] *Id.* at 3.

*Ohan v. Schmidt*     Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss     Page 8
Case 3:22-cv-00182-JMK    Document 19    Filed 03/27/23    Page 8 of 9

States Treasury."[42] Similarly, to the extent Plaintiff seeks injunctive relief in addition to monetary damages, the Court still lacks jurisdiction over his claim given the anti-injunction provision in the Higher Education Act.[43] Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim and cannot consider Defendant's remaining arguments for dismissal.[44]

## IV. CONCLUSION

In light of the above, Defendant's Motion to Dismiss at Docket 6 is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 27th day of March, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
United States District Judge

---

[42] *Bright*, 2018 WL 4926307, at *3 (quoting *De La Mota v. U.S. Dep't of Educ.*, No. 02 Civ. 4276(LAP)., 2003 WL 21919774, at *4 (S.D.N.Y. Aug. 12, 2003)).

[43] *See id.* at *2 ("[T]he Secretary [of the Department of Education] may – . . . sue and be sued in any court of record of a State . . . or in any district court of the United States[,] . . . but no attachment, injunction, garnishment, or other similar process . . . shall be issued against the Secretary . . . ." (quoting 20 U.S.C. § 1082(a)(2))).

[44] *See Mortenson v. United States*, Case Nos. 4:21-cv-00026-JMK, 3:21-cv-00248-JMK, 2022 WL 1186027, at *4 (D. Alaska Apr. 21, 2022) (concluding that the Court cannot consider arguments for dismissal under Rule 12(b)(6) once it has concluded it lacks subject matter jurisdiction over a plaintiff's claims).

*Ohan v. Schmidt*  Case No. 3:22-cv-00182-JMK
Order Granting Defendant's Motion to Dismiss  Page 9
Case 3:22-cv-00182-JMK   Document 19   Filed 03/27/23   Page 9 of 9